ARCH ODOM, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. The grant or refusal of a continuance because of the absence of an official stenographer is largely discretionary and an action of the court thereon will not lightly be interfered with.

2. There being evidence from which the jury might find that the accused advanced upon his victim with a loaded shot gun and when within fifteen or twenty feet distance fired,

   the shot taking effect in his shoulders, the court is justified in giving the jury correct charges as to "premeditated design" and "intent to kill."·

3. A charge "If you should find from the evidence beyond a reasonable .doubt that the defendant O., and H. had an altercation or difficulty in which both or either of them drew their knives or in which H. drew his knife, and that the defendant O., left the scene and went away some distance procured his gun and came back and met the said Hall and shot him from a premeditated design to kill him and that at the time of the shooting H. was not near enough to defendant to harm him and was not really or apparently making any effort or demonstration toward him indicating an intention to them and there injure him, he, the defendant, would be guilty of an assault with intent to commit murder in the first degree, "does not assume any facts nor single out specific parts of the evidence to the exclusion of other parts, nor is it argumentative.

4. The evidence justified the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell & Son,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

COCKRELL, J.   On October 2, 1905, Arch Odom was convicted of an assault with intent to murder one Rob Hall and sentenced to a term of five years in the State Prison.   He assigns error upon the refusal of a continuance, the giving of certain charges and the sufficiency of the evidence.

The bill of exceptions shows that at the Spring term the case was continued and set for the first day of the Fall term; no request for a stenographer, nor that the case be officially reported was made until the case was called for trial at which time the official stenographer was not present or accessible, and the request was refused.   The statute, Chapter 5122 of the Laws of 1903, wisely leaves it to the discretion of the Circuit Judge to decide whether the State shall be put to the expense of a stenographer and even should we be forced in an exceptional case to hold that discretion error, there is nothing disclosed in this record to call for such holding. The testimony is neither long nor complicated, and it does not appears the official stenographer would be present at any time during the term.

The second and third assignments are argued upon the sole theory that there was no evidence to justify the court's charge upon the elements of "premeditated design" and "intent to kill."   No contention is made as to the form of the charges.   The charges were amply justified.   There was evidence tending to show that the accused advanced upon his victim with a loaded shot gun and when within fifteen or twenty feet from him fired, the shot taking effect in the shoulder.   The gun was single

barreled and loaded with No. 7 shot, and there were a number of his race present who endeavored to stop the shooting.    These are some of the salient facts testified to.

The next assignment is based upon this charge: "If you should find from the evidence beyond a reasonable doubt that the defendant, Arch Odom, and Rob Hall had an altercation or difficulty in which  both or either  of them drew their knives or in which Hall drew his knife, and that the defendant, Arch Odom, 'left the scene and went away some distance procured his gun and came back and met the said Hall and shot him from a premeditated design to kill him and that at the time of the shooting Hall was not near enough to defendant to harm. him and was not really or apparently making any effort or demonstration toward him indicating an intention to then and there injure him, he, the defendant, would be guilty of an assault with intent to commit murder in the first degree." This charge was followed immediately by the further charge that the jury are the sole judges of the weight of the evidence and the credibility  of the witnesses, their province as to conflicting  testimony  and their duty as to giving the accused the benefit of every reasonable doubt.

The facts hypothesized in the charge were all in evidence and constituted the whole theory  of the  State's case.    It does not assume any fact, but on the contrary leaves the ascertainment thereof to the jury upon consideration of the whole evidence, nor does it single out specific parts of the testimony to the  exclusion of  other parts, nor is it argumentative.    There was no refusal to charge a theory of the defense based upon the evidence, as none such appears to  have  been  requested.    The charge did not deprive the accused of the right of self

8 S. C.

defense.    There had been given fully a specific charge to this point against which no objection is made.

The evidence was full justification for the verdict rendered, and the judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.